# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

Priority _____
Send _____
Enter _____
Closed _____
JS-5/JS-6 _____
Scan Only _____

===========================================================================

**CASE NO.:** CV 17-02563 SJO (SSx)          **DATE:** August 1, 2017

**TITLE:**      Jones v. G2 Secure Staff, LLC

===========================================================================
**PRESENT:  THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

Victor Paul Cruz                              Not Present
Courtroom Clerk                               Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**          **COUNSEL PRESENT FOR DEFENDANT:**

Not Present                                   Not Present

===========================================================================
**PROCEEDINGS (in chambers):  ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**
[Docket No. 20]

This matter is before the Court on Plaintiff Shalamar Jones' ("Plaintiff") Renewed Motion to Remand ("Motion"), filed July 7, 2017.  Defendant G2 Secure Staff, LLC ("Defendant") opposed the Motion ("Opposition") on July 17, 2017, and Plaintiff replied ("Reply") on July 24, 2017.[1]  The Court found this matter suitable for disposition without oral argument and vacated the hearing set for August 7, 2017.  *See* Fed. R. Civ. P. 78(b).  For the following reasons, the Court **GRANTS** Plaintiff's Motion.

## I.      FACTUAL AND PROCEDURAL BACKGROUND

This is the second time Defendant has sought to remove to this Court.  Plaintiff initially filed suit against Defendant in the Superior Court of the State of California for the County of Los Angeles ("State Court Action") on July 6, 2016, asserting a single cause of action for violation of Section 1198.5 of the California Labor Code based on Defendant's alleged failure to provide Plaintiff a copy of the employment file she requested subsequent to her termination.  *See* Ex. A to Notice of Removal ("Original Complaint"), *Jones v. G2 Secure Staff, LLC*, No. 17-cv-00061-SJO-SS ("*Jones I*") (C.D. Cal. Jan. 4, 2017), ECF No. 1-1.  Although Plaintiff did not assert a federal claim against Defendant and did not specify an amount in controversy in her Original Complaint, on December 5, 2016, her counsel emailed to Defendant's counsel a Proposed First Amended Complaint ("PFAC"), stating that she would file it after receiving a PAGA exhaustion on December 19, 2016.  *See* Ex. D to Decl. Ann Hendrix in Supp. Pl.'s Mot. to Remand, *Jones I* (C.D. Cal. Feb. 3, 2017), ECF No. 17-1; *see also* Ex. 1 to Decl. Lara C. De Leon in Supp. Notice of Removal, *Jones I* (C.D. Cal. Jan. 4, 2017), ECF No. 3.  Defendant removed to this Court based on a theory that the PFAC, which included eight additional state law causes of action, constitutes an "amended

_____

[1] The Court notes that Plaintiff exceeded the Court's page limit in their Reply.  (Standing Order for Civil Cases Assigned to Judge S. James Otero, ECF No. 6, at A-14.)  Further failure to comply with the Court's Standing Order may result in sanctions.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority    _____
Send        _____
Enter       _____
Closed      _____
JS-5/JS-6   _____
Scan Only   _____

**CASE NO.:** <u>CV 17-02563 SJO (SSx)</u>        **DATE:** <u>August 1, 2017</u>

pleading." *See* Notice of Removal, *Jones I*, ¶¶ 6-9; *see also* Ex. 2 to Decl. Lara C. De Leon in Supp. Notice of Removal, *Jones I*.

As it turns out, Defendant removed to this Court the **day before** Plaintiff actually filed her First Amended Complaint ("FAC"). *Compare* Notice of Removal, *Jones I* (January 4, 2017 filing date); *with* Ex. A to Decl. Ann Hendrix in Supp. Pl.'s Mot. to Remand ("FAC"), *Jones I* (January 5, 2017 filing date). Based on this timing, on February 3, 2017, Plaintiff filed a motion to remand in *Jones I*, which the Court granted in relevant part on March 6, 2017. *See* Mot. to Remand, *Jones I* (C.D. Cal. Feb. 3, 2017), ECF No. 16; Order Granting in Part & Den. in Part Mot. to Remand ("First Remand Order"), *Jones I* (C.D. Cal. Mar. 6, 2017), ECF No. 23. The Court remanded because contrary to Defendant's insistence, the PFAC, which was "substantively differe[nt] from the [ ]FAC," was not an "amended pleading" and therefore could not constitute a basis for removal. First Remand Order at 4. Thus, because Defendant failed to demonstrate it was more likely than not that the operative pleading, the Original Complaint, alleged an amount in controversy greater than $75,000, the Court held that removal was improper. First Remand Order 4.

The case was subsequently remanded to Los Angeles Superior Court, and on April 3, 2017, Defendant filed its Answer to the FAC. (*See* Notice of Removal, Ex. D, ECF No. 1-4.) The next day, Defendant filed its second Notice of Removal ("Second Removal"), arguing removal was timely this time around because this Court's March 6, 2017 order remanding the action constitutes an "other paper" under 28 U.S.C. section 1446(b) and controlling Ninth Circuit authority. (*See* Notice of Removal ¶¶ 8-13, ECF No. 1.) Pursuant to the Court's invitation, Plaintiff filed her Motion on July 7, 2017. (*See* Minutes of Scheduling Conference, ECF No. 19; Mot., ECF No. 20.)

## II.    DISCUSSION

Plaintiff offers two reasons why she believes her Motion must be granted. First, she contends that Defendant's second attempt to remove is untimely. Second, she submits that the Court lacks jurisdiction to reconsider its First Remand Order because there are no "new or different grounds" for removal. (*See* Mot. 6-14.) In response, Defendant argues that removal is proper because (1) its Notice of Removal was filed within 30 days of Defendant's first receipt of a removable pleading; and (2) new and different grounds for removal exist because Plaintiff's FAC is now the operative pleading. (*See* Opp'n 4-10, ECF No. 21.) For the reasons set forth below, the Court concludes that Defendant's second attempt to remove this action was not timely, and accordingly **GRANTS** Plaintiff's Motion.

### A.    Legal Standard

Under 28 U.S.C. § 1441, an action is removable to federal court only if it might have been brought there originally. *See* 28 U.S.C. § 1441(a). The removal statute is "strictly construe[d] . . . against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (internal citations omitted). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal . . ."

JS-6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Priority | ____ |
| Send | ____ |
| Enter | ____ |
| Closed | ____ |
| JS-5/JS-6 | ____ |
| Scan Only | ____ |

**CASE NO.:** <u>CV 17-02563 SJO (SSx)</u>     **DATE:** <u>August 1, 2017</u>

*Id.* (internal citation omitted). "Th[is] 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (internal citations omitted). "Where doubt regarding the right to removal exists, a case should be remanded to state court." *See Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (footnote omitted).

The procedure for removing an action is set forth in 28 U.S.C. section 1446 ("Section 1446"). The statute provides "two thirty-day windows during which a case may be removed—during the first thirty days after the defendant receives the initial pleading or during the first thirty days after the defendant receives a paper 'from which it may first be ascertained that the case is one which is or has become removable' if 'the case stated by the initial pleading is not removable.'" *See Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 692-93 (9th Cir. 2005). In the latter scenario, "even if a case were not removable at the outset, if it is rendered removable by virtue of a change in the parties or other circumstance revealed in a newly-filed 'paper,' then the second thirty-day window is in play." *Id.* at 694.

    B.    <u>Analysis</u>

        1.    <u>Defendant's Second Attempt to Remove Was Untimely</u>

Plaintiff principally argues Defendant's second attempt at removal was untimely because it occurred more than thirty days after Defendant first became aware the case was removable. (Mot. 11-13.) Plaintiff notes that she filed her FAC, which on its face sought more than $80,000 in damages, on January 5, 2017 and served it on Defendant the next day. (Mot. 12.) According to Plaintiff, January 5, 2017—the date she filed and served the FAC—should trigger the second thirty-day window under Section 1446(b) because this document presented the first indication that diversity jurisdiction existed. (Mot. 12.) Thus, because Defendant did not file its second Notice of Removal until April 4, 2017, "three months" after Plaintiff's filing of the FAC, Plaintiff argues this removal was untimely. (Mot. 12.)

Defendant responds that "[r]emoval jurisdiction based on an amended pleading arises only after the subsequent pleading becomes **operative**." (Opp'n 8 [citing First Remand Order 4].) Defendant goes on to state that, in the First Remand Order, the Court considered the Original Complaint to be the operative pleading. (Opp'n 8 [citing First Remand Order 4].) Defendant also notes that "Plaintiff filed her FAC **after** this case was removed and the State Court lost jurisdiction." (Opp'n 8.) Defendant then states that when a case has been removed, any matters filed in state court, including Plaintiff's FAC, are "void" and "have no effect." (Opp'n 8-9 [quoting *Madisonville Traction Co. v. St. Bernard Mining Co.*, 196 U.S. 239 (1905); *Fox Valley AMC/Jeep, Inc. v. AM Credit Corp.*, 826 F.2d 366, 367 (7th Cir. 1988)].) Defendant continues by arguing that March 6, 2017 was the first time it became ascertainable that the underlying lawsuit was removable because this was when the FAC first became operative in state court. (Opp'n 9.)

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

Priority _____
Send _____
Enter _____
Closed _____
JS-5/JS-6 _____
Scan Only _____

**CASE NO.:** <u>CV 17-02563 SJO (SSx)</u>          **DATE:** <u>August 1, 2017</u>

Under this logic, Defendant's second removal on April 4, 2017 occurred twenty-eight days after the FAC became operative, and accordingly must be considered timely. (Opp'n 9.)

Plaintiff does not concede this point, but instead argues "the March 6th Remand Order never ruled that Plaintiff's FAC did not become operative after Defendant improperly removed this case on January 4, 2017." (Mot. 2.) Plaintiff argues that the Court in its First Remand Order actually ruled that although the FAC was not operative at the time of removal, but additionally based its ruling on the finding that "[o]n January 5, 2017, Plaintiff filed [the FAC] which differs from the PFAC." (Mot. 2 [quoting First Remand Order 2].) Accordingly, Plaintiff argues that Defendant knew on January 5, 2017 that there was a proper basis for removal, yet it still failed, within 30 days, to (1) amend its first deficient Notice of Removal or (2) file a new notice of removal. (Mot. 13.) In addition, Plaintiff distinguishes the cases cited by Defendant that appear to suggest that later pleadings cannot divest a court of jurisdiction, arguing these cases only apply to subsequent filings in federal court and where the case was properly removed, neither of which is true here. (Mot. 13.)

The dispute in the present case is whether Plaintiff's attempt to file the FAC in state court on January 5, 2017 can be considered an "amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. . ." 28 U.S.C. § 1446(b)(3). To begin, the Court agrees with Defendant that pleadings filed in state court after a case has been removed are not operative, and as a result, Plaintiff's FAC could not be considered an "amended pleading" for the purposes of 28 U.S.C. § 1446(b)(3) until the action was remanded to state court. *See McDonough v. UGL UNICCO*, 766 F. Supp. 2d 544, 546 (E.D. PA 2011) (holding that, where leave to amend is required, an amended pleading does not become effective, or, in turn, removable, until leave to amend is granted).

What Defendant fails to grapple with, however, is the possibility the FAC can be considered an "other paper" within the meaning of Section 1446. Although there is no set rule for determining whether a document constitutes an "other paper" within the meaning of the statute, Courts have found the following types of documents to be sufficient: (1) demand letters, *see Williams v. Safeco Ins. Co. of Am.*, 74 F.Supp.2d 925, 929 (W.D. Mo. 1999); (2) at-issue memoranda, *see Barngrover v. M. V. Tunisian Reefer*, 535 F. Supp. 1309, 1312 (C.D. Cal. 1982); and (3) reply briefs, *see Bishop v. Sam's East, Inc.*, Civ. Action No. 08-4550, 2009 WL 1795316 at *4 (E.D. Pa. June 23, 2009). These documents share a salient characteristic: each has a level of formality that puts both the court and the other part on notice that the action has become removable. *Cf. Zelaya v. Brotman Med. Ctr.*, No. 92-4033 RG (Jrx), 1992 WL 559683 at *1 (C.D. Cal. Aug. 19, 1992) (holding that an official document filed in a separate lawsuit was not an "other paper" because the statute requires that an "other paper" must come from "papers **filed in the case**").

In the present case, Plaintiff's FAC was filed in state court as part of the same action on January 5, 2017. The following day, Plaintiff served an official copy on Defendant that was stamped, on

JS-6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority      ____
Send          ____
Enter         ____
Closed        ____
JS-5/JS-6     ____
Scan Only     ____

**CASE NO.:**  <u>CV 17-02563 SJO (SSx)</u>      **DATE:**  <u>August 1, 2017</u>

the front page, "FILED, Los Angeles Superior Court, January 5, 2017," above which the Executive Officer/Clerk affixed her signature.  (*See* FAC at 1.)  These factors render Plaintiff's FAC similar in all relevant respects to documents that courts have held to constitute "other paper."  *See Riggs v. Cont. Baking Co.*, 678 F. Supp. 236, 238 (N.D. Cal. 1988) (holding that a deposition testimony was an "other paper" because it was an "official paper[ ]" filed with the state court).  Moreover, as the Court noted in its First Remand Order, the PFAC, unlike the FAC, was insufficient to trigger Section 1446(b) because it was "unfiled, unsigned, and not officially served on Defendant."  First Remand Order 4.

The FAC on its face demonstrates that the state court action had become removable at the time it was filed.  Plaintiff in her FAC prays for damages "in an amount in excess of eighty thousand dollars in damages according to proof at the time of trial." (FAC ¶ 41.)  Defendant cannot and does not claim the FAC was not sufficiently clear to put it on notice that the action was removable.  (*See generally* Opp'n.)  Because Defendant is the party seeking to remove to this Court, it bears the burden of demonstrating that an amended complaint filed in state court after a case has been removed cannot constitute an "other paper" for the purposes of removal.  *Gaus*, 980 F.2d at 564.  Defendant has failed to meet this burden.  Nowhere in its Opposition does Defendant argue that Plaintiff's FAC does not or cannot constitute an "other paper" within the meaning of Section 1446(b).  (*See generally* Opp'n.)

Moreover, the Court finds that in given the unique procedural background of this case, denying Plaintiff's Motion would run entirely contrary to the reasoning underlying the rules governing removal and would contravene the interests of justice.  As courts in this Circuit have recognized, the goal of the "canon [of removal is to] guar[d] against premature and protective removals and minimiz[e] the potential for a cottage industry of removal litigation."  *Harris*, 425 F.3d at 698.  In the present case, Defendant engaged in "premature and protective removal" by initiating removal proceedings before Plaintiff had filed her amended pleading.  Permitting Defendant to remain in federal court notwithstanding this procedural shortfall would serve as an invitation to the defense bar to jump the gun and seek to remove state court actions at the earliest hint, however informal, that a case might be removable.  Indeed, under Defendant's logic, any defendant who missed the mark and jumped too early would be able to renew their removal efforts upon remand and with the Court's instructions in hand.  One need not strain to imagine how such a rule would lead to a "cottage industry of removal litigation."  *Id.*

III.   RULING

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion to Remand.  The Court **REMANDS** tise action to the Superior Court of the State of California for the County of Los Angeles.  This matter shall close.

IT IS SO ORDERED.